IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FORREST M. RICHARDSON,          )
                                )   2:10-cv-00025-GEB-EFB
                Plaintiff,      )
                                )
        v.                      )   ORDER
                                )
J. MENDEZ,                      )
                                )
                Defendant.*     )
_____ )

        In response to an inquiry made regarding the schedule for the trial scheduled to commence in this action at 9:00 a.m. on Tuesday, August, 20, 2013, the following information is provided:

        Trial is held Tuesday, Wednesday, and Thursday of each week from 9:00 a.m. until approximately 4:30 p.m. However, once the jury begins deliberating, counsel shall be available for communication with the jury during the above mentioned times, Monday through Friday.

        Further, upon review of the February 25, 2013 Final Pretrial Order ("FPO"), it was determined that the currently scheduled deadlines for filing certain trial documents are impracticable. Therefore, the FPO is modified as follows:

**JURY INSTRUCTIONS, VOIR DIRE, AND VERDICT FORMS**

        A.   Proposed jury instructions, voir dire, and a verdict form shall be filed no later than 12:00 p.m. on August 16, 2013. The parties

_____

        *   The caption has been amended to reflect that J. Mendez is the only remaining defendant in this action.

1

shall prepare the instructions and verdict form in accordance with Local Rule 163, and shall tailor all jury instructions to the facts and law at issue. See Fikes v. Cleghorn, 47 F.3d 1011, 1013 (9th Cir. 1995)("Jury instructions must be formulated so that they fairly and adequately cover the issues presented, correctly state the law, and are not misleading. The instructions must allow the jury to determine the issues presented intelligently.")

Since Plaintiff is proceeding on a single 42 U.S.C. § 1983 claim alleging excessive force in violation of the Eighth Amendment, and it appears undisputed that Defendant was acting "under color of law" at the time Plaintiff alleges Defendant used excessive force, introductory instructions concerning section 1983 claims generally, such as Ninth Circuit Model Civil Jury Instructions Nos. 9.1 and 9.2, are unnecessary. See Achor v. Riverside Golf Club, 117 F.3d 339, 341 (7th Cir. 1997) (indicating jury instructions should "help the jurors to concentrate on the question[s] at hand" and should avoid "formal terminology . . . suited more to lawyers than to lay deciders").

Further, the proposed jury instructions shall include a preliminary jury instruction that contains the undisputed facts stated on pages two through four of the FPO, which the Court intends to read to the jury before opening statements.

B.   The parties shall meet and confer and attempt to agree upon a joint set of jury instructions and verdict form. As to instructions on which there is dispute, the parties shall adhere to the following procedure: the party offering the disputed instruction(s) shall submit the instruction(s) as its proposed jury instruction(s), shall submit authority in support of the proposed instruction(s), and shall number the disputed instruction(s) in a manner that shows where

1  each disputed instruction should be placed in the tendered agreed upon
2  instructions.

3        C.   At the time of electronic filing of the jury instructions
4  and verdict forms, the parties shall also submit a copy of the sanitized
5  joint jury instructions, the sanitized disputed jury instructions, and
6  the joint verdict forms to the Court by electronic mail to
7  geborders@caed.uscourts.gov in accordance with Local Rule 163.

8        D.   Most of the examination of prospective jurors will be
9  conducted by the Court. The parties shall meet and confer and attempt to
10 agree upon a joint set of proposed voir dire questions. Each side is
11 granted twenty (20) minutes to conduct voir dire following the Court's
12 examination of prospective jurors.

13               **QUALIFIED IMMUNITY AFFIRMATIVE DEFENSE**

14       As the Ninth Circuit states in Act Up!/Portland v. Bagley, 988
15 F.2d 868, 873 (9th Cir. 1993):

16           [T]he determination of what conduct underlies the
             alleged violation-what the officer and claimant did
17           or failed to do-is a determination of fact [to be
             decided by a jury;] however, . . . the
18           determination whether those facts support an
             objective belief that [the officer reasonably
19           believed he was not violating Plaintiff's right to
             be free from excessive force] is ordinarily a
20           question for the court.

21       Since the jury will not decide the question of law involved in
22 determining whether Defendant is entitled to qualified immunity, the
23 proposed jury instructions need not include instruction on this
24 affirmative defense. The jury will resolve the discrete issues of fact,
25 if any, and all assertions made by the parties regarding the defense of
26 qualified immunity shall be confined to those issues of fact.

27       Therefore, a special verdict or interrogatories shall be filed
28 by each party no later than 12:00 p.m. August 16, 2013, for all factual

disputes to be resolved by the jury concerning the qualified immunity affirmative defense. Further, no later than 12:00 p.m. on August 16, 2013, each party shall file proposed prevailing party findings of fact and conclusions of law concerning this affirmative defense.

Dated:  August 9, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge