IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST M. RICHARDSON,<br><br>        Plaintiff,<br><br>    v.<br><br>J. MENDEZ,<br><br>        Defendant. | 2:10-cv-00025-GEB-EFB<br><br>ORDER DENYING PLAINTIFF'S<br>REQUEST TO SEAL DOCUMENTS |

Plaintiff seeks to file under seal the following documents, including exhibits, in their entirety: "Plaintiff's Motion in Limine No. 3 – Motion for Instruction Regarding Adverse Presumption Against Defendant With Respect To Video Evidence[, and] . . . Plaintiff's Motion in Limine No. 4 – Motion to Exclude Defendant's Expert Witness William J. Sullivan From Testifying At Trial." (Pl.'s Notice of Req. to Seal Docs. 1:22-25, ECF No. 89.) Plaintiff contends that these documents should be filed under seal "because they include and/or refer to information and documents that the parties have agreed are deserving of sealing and confidential treatment due to concerns for institutional safety[,]" in particular, the California Department of Corrections and Rehabilitation's use-of-force policy. (Id. 1:26-28.)

///
///

1

1 "Courts have long recognized a 'general right to inspect and
2 copy public records and documents, including judicial records and
3 documents.'" Williams v. U.S. Bank Ass'n, --- F.R.D. ----, 2013 WL
4 3119055, at *2 (E.D. Cal. 2013) (quoting Nixon v. Warner Commc'ns, Inc.,
5 435 U.S. 589, 597 (1978)). "Unless a particular court record is one
6 'traditionally kept secret,' a 'strong presumption in favor of access'
7 is the starting point." Kamakana v. City and Cnty. of Honolulu, 447 F.3d
8 1172, 1178 (9th Cir.2006) (quoting Foltz v. State Farm Mut. Auto. Ins.
9 Co., 331 F.3d 1122, 1135 (9th Cir.2003)). "In order to overcome this
10 strong presumption, a party seeking to seal a judicial record must
11 articulate justifications for sealing that outweigh the historical right
12 of access and the public policies favoring disclosure." Williams, 2013
13 WL 3119055, at *2 (citing Kamakana, 447 F.3d at 1178-79).

14 "Two standards generally govern motions to seal documents[.]"
15 Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677 (9th Cir. 2010). "The
16 Ninth Circuit has determined that the public's interest in
17 non-dispositive motions is relatively lower than its interest in trial
18 or a dispositive motion. Accordingly, a party seeking to seal a document
19 attached to a non-dispositive motion need only demonstrate 'good cause'
20 to justify sealing." Williams, 2013 WL 3119055, at *2 (citing Pintos,
21 605 F.3d at 678). "Conversely, 'the resolution of a dispute on the
22 merits, whether by trial or summary judgment, is at the heart of the
23 interest in ensuring the public's understanding of the judicial process
24 and of significant public events.'" Id. (quoting Kamakana, 447 F.3d at
25 1179). "Accordingly, a party seeking to seal a judicial record attached
26 to a dispositive motion or one that is presented at trial must
27 articulate 'compelling reasons' in favor of sealing." Id. (citing
28 Kamakana, 447 F.3d at 1178).

1       Since motions in limine concern the admissibility of evidence
2 at trial, the compelling reasons standard applies to Plaintiff's sealing
3 request. See In re LDK Solar Secs. Litig., No. C 07-05182 WHA, 2010 WL
4 724809, at *1 (N.D. Cal. Mar. 1, 2010) ("Motions in limine are . . .
5 part of the trial and must be laid bare absent compelling reasons.");
6 Fujitsu Ltd. v. Belkin Int'l, Inc., No. 10-CV-03972-LHK, 2012 WL
7 6019754, at *5 (applying compelling reasons standard to motion to seal
8 exhibits filed in connection with in limine motions).

9       Plaintiff neither discusses the applicable sealing standard in
10 his request, nor demonstrates that it has been met.

> While there may be a limited amount of exceptionally sensitive information contained in [the documents Plaintiff seeks to seal], [Plaintiff's] broad request to seal does not specify which sections of these [documents] contain particularly sensitive information, why this information must remain confidential, or how its disclosure might become a vehicle for improper purposes. As [the referenced use-of-force policy] is likely to be discussed publicly during trial, the Court is not convinced that [Plaintiff's] interest in sealing these documents outweighs the need for public access.

18 Fujitsu Ltd., 2012 WL 6019754, at *5.

> [Plaintiff] cannot provide the compelling reasons necessary to justify the wholesale sealing of [these motions in limine] with a few generalized, sweeping sentences. [Plaintiff] needed (and failed) to specifically address why [specific portions of the documents] contain[] . . . [sensitive] information of such a compelling nature as to overcome the strong presumption of public access.

24 In re LDK Solar Secs. Litig., 2010 WL 724809, at *1; see also Williams,
25 2013 WL 3119055, at *4 (denying request to seal an exhibit where the
26 moving party "failed to identify with any particularity which of the
27 [multiple] pages is actually confidential and needs to be sealed," and

1  "[i]nstead . . . requested the sealing of all . . . pages . . . ,
2  without regard to the plainly non-confidential nature of most of them").
3        For the stated reasons, Plaintiff's request to seal is DENIED.
4  See E.D. Cal. R. 141(e)(1) (prescribing the return of documents to the
5  moving party upon denial of request to seal); see also United States v.
6  Baez-Alcaino, 718 F. Supp. 1503, 1507 ("When a document is requested to
7  be filed *in camera* it is presented to the appropriate judge to make a
8  decision whether the document should be filed under seal . . . or
9  returned to the submitting party, who may then file it in the public
10 records, if desired.").

Dated:  August 13, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge