IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST M. RICHARDSON,<br><br>        Plaintiff,<br><br>    v.<br><br>J. MENDEZ,<br><br>        Defendant. | 2:10-cv-00025-GEB-EFB<br><br>ORDER RE: DEFENDANT'S MOTION IN LIMINE NO. 1[*] |

Defendant "moves to exclude all evidence regarding any prior acts of alleged misconduct or use of force of [Defendant], including the incident that occurred on December 8, 2006 with inmate Gary William Hallford." (Def.'s Mots. in Limine 1:25-27, ECF No. 90.) Defendant states that Gary Hallford is designated as a trial witness, and that "Plaintiff has produced a declaration in which Mr. Hallford alleges that on December 8, 2006, [Defendant] falsely accused him of battery." (Id. at 1:27-2:1.) Defendant states that Mr. Hallford avers in his declaration:

> Mr. Hallford was holding a cup of coffee before entering the dining hall. [Defendant] directed him into the first dining hall. Mr. Hallford refused to enter the same and instead stated that he was a vegetarian and should therefore go to the second dining hall. [Defendant] requested the inmate's "no meat" card. Mr. Hallford alleges [Defendant] then

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

> reached for his right arm, grasped his right wrist, twisted it, and then pulled him to the ground.

(Id. at 2:1-5.) Defendant argues that "[e]vidence of this incident and any prior acts of alleged misconduct or use of force by [Defendant]" constitutes "inadmissible character evidence of other alleged wrongs or acts" under Rule 404(b), "is irrelevant under Rule 402, and" should be excluded as "unduly prejudicial, confusing to the jury, and a waste of limited time and resources under Rule 403." (Id. at 2:10-20.)

Plaintiff counters that "Mr. Hallford should be allowed to testify." (Pl.'s Opp'n to Def.'s Mot. in Limine No. 1 ("Opp'n") 1:23, ECF No. 94.) Plaintiff argues: "[t]he evidence of the incident with Mr. Hallford is admissible because it tends to prove [Defendant's] motive, intent, knowledge, and other aspects of his conduct against [Plaintiff]." (Id. at 2:7-8.) Specifically, Plaintiff argues the evidence

> shows that [Defendant] knew that inmates were carrying coffee into the chow hall, but made no issue about it to Mr. Hallford when he accosted him about going in the wrong entrance. Then, only two months later, [Defendant] used some purported rule against bringing coffee into the chow hall to instigate the incident with [Plaintiff]. His inconsistency in that regard between the two incidents tends to show that [Defendant] never attempted to enforce any such "rule" until his incident with [Plaintiff], which the jury could take as an indication that he made up the rule out of thin air. For these reasons, the evidence of Mr. Hallford's encounter with [Defendant} is admissible.

(Id. at 3:2-9.) Plaintiff further argues that the evidence is permissible habit evidence under Rule 406 and is not unduly prejudicial under Rule 403. (Id. at 2:25-2, 3:10-18.)

Rule 406 prescribes: "Evidence of a person's habit . . . may be admitted to prove that on a particular occasion the person . . .

1  acted in accordance with the habit . . . ." "In deciding whether certain
2  conduct constitutes habit, courts consider three factors: (1) the degree
3  to which the conduct is reflexive or semi-automatic as opposed to
4  volitional; (2) the specificity or particularity of the conduct; and (3)
5  the regularity or numerosity of the examples of the conduct." United
6  States v. Angwin, 271 F.3d 786, 799 (9th Cir. 2001), overruled on other
7  grounds by United States v. Lopez, 484 F.3d 1186 (9th Cir. 2007). "The
8  burden of establishing that certain conduct qualifies as evidence of
9  habit falls on the party wishing to introduce the evidence." Id.

10      Plaintiff has "failed to meet his burden of establishing [Mr.
11 Hallford's anticipated] testimony . . . qualifies as evidence of
12 Defendant's habit." Morris v. Long, No. 1:08-cv-01422-AWI-MJS, 2012 WL
13 3276938, at *10-12 (E.D. Cal. Aug. 9, 2012) (rejecting Plaintiff's
14 argument that evidence of past use-of-force incidents constituted
15 "habit" evidence under Rule 406 in a 4th Amendment excessive force
16 case). Therefore, Rule 406 does not serve as a basis to admit evidence
17 concerning Defendant's December 8, 2006 interaction with Mr. Hallford.

18      Further, Plaintiff has not shown that evidence of Defendant's
19 December 8, 2006 interaction with Mr. Hallford is admissible under Rule
20 404(b).

21      "Evidence of a person's character or a trait of character is
22 not admissible for the purpose of proving action in conformity therewith
23 on a particular occasion. However, Rule 404(b) permits evidence of prior
24 wrongs or acts to show proof of motive, opportunity, intent,
25 preparation, plan, knowledge, identity, or absence of mistake or
26 accident." United States v. Romero, 282 F.3d 683, 688 (9th Cir. 2002)
27 (citations omitted).

28

|   |   |
|---|---|
| 1 | In the Ninth Circuit, a four-part test is used to determine the admissibility of evidence pursuant to Rule 404(b): "Such evidence may be admitted if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." |

United States v. Bailey, 696 F.3d 794, 799 (9th Cir. 2012) (quoting Romero, 282 F.3d at 688). "The [proponent of the disputed evidence] 'has the burden of proving that the evidence meets all of the above requirements.'" Id. (quoting United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir. 1993)). "If the evidence meets this test under Rule 404(b), the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." Romero, 282 F.3d at 688.

Here, Plaintiff indicates he seeks to admit Mr. Hallford's testimony to demonstrate an "inconsistency" in how Defendant interacted with Plaintiff versus Mr. Hallford concerning "carrying coffee into the chow hall." (Pl.'s Opp'n 3:1-9.) Plaintiff argues "the jury could take" that inconsistency "as an indication that [Defendant] made up the rule [against bringing coffee into the chow hall] out of thin air." (Id.) It is unclear how this stated purpose "tends to prove" a point "material" in Plaintiff's 8th Amendment excessive force claim. Moreover, any "probative value of such evidence is substantially outweighed by a danger of . . . confusing the issues, . . . undue delay, [and] wasting time." Fed. R. Evid. 403. Since Defendant disputes Hallford's version of what occurred, introduction of Hallford's testimony concerning the December 8, 2006 incident would require litigation on this purported inconsistency during trial.

4

In light of Rule 403 considerations, Defendant's motion is GRANTED to the extent it seeks to exclude evidence of Defendant's December 8, 2006 interaction with Mr. Hallford. To the extent the motion seeks to exclude evidence of any other "prior acts of alleged misconduct or use of force [by Defendant]", it is unclear what precise evidence is referenced, and is therefore DENIED.

Dated:  August 16, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge