IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FORREST M. RICHARDSON,　　　　　　)
　　　　　　　　　　　　　　　　　　)　2:10-cv-00025-GEB-EFB
　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　)　ORDER RE: PLAINTIFF'S MOTION
　　　　　　　　　　　　　　　　　　)　IN LIMINE NO. 4[*]
J. MENDEZ,　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　)
_____　　 )

　　　　　Plaintiff moves to "exclud[e] William J. Sullivan, the correctional expert witness designated by [Defendant], from testifying at trial," arguing, "[t]he report provided by Mr. Sullivan and his CV . . . provide no basis upon which the Court could find Mr. Sullivan to be an expert who is qualified to render the opinions that he sets forth in his report." (Pl.'s Mot. in Limine No. 4, 1:20-24, ECF No. 115.) Plaintiff argues, *inter alia*:

> [Defendant] intends to have Mr. Sullivan testify about the use of force by [Defendant] against [Plaintiff], as well as the ultimate question of whether that force was reasonable.
>
> . . . .
>
> Mr. Sullivan's testimony and his opinions are not admissible because they will not assist the jury and because there is no foundation for them. . . . Instead, his opinion is intended to be presented to the jury simply for the premise that,

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

> "I was a warden, so you should listen to me." Accordingly, his testimony should be excluded from trial.

(Id. at 2:25-28, 4:13-17.)

Defendant counters:

> Mr. Sullivan has 26 years of corrections experience, including 14 years serving in as Warden and Associate Warden. He is familiar with the CDCR's Use of Force Policy and has specifically reviewed CSP Solano's Use of Force Policy. Thus, he is well-qualified to testify as to whether the conduct of [Defendant] fell within the CDCR's use of force policy. His testimony is reliable and relevant to assist the trier of fact to assess the reasonableness of [Defendant's] actions.

(Def.'s Opp'n to Pl.'s Mots. in Limine 8:12-16, ECF No. 92.) Defendant further rejoins that "a use of force expert can properly testify as to whether the conduct of officers falls within the CDCR's use of force policy[,]" and such testimony by Mr. Sullivan "will help the trier of fact assess the reasonableness of [Defendant's] actions. (Id. at 11:14-15, 11:26-27.)

Plaintiff has neither presented this motion in a sufficient manner for an in limine ruling nor shown that this motion is ripe for decision since it is unclear at this juncture what examination of Mr. Sullivan will be permissible. Therefore, this motion is denied.

Dated:  August 16, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

2