IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FORREST M. RICHARDSON,             )
                                   )   2:10-cv-00025-GEB-EFB
          Plaintiff,               )
                                   )
     v.                            )   ORDER RE: PLAINTIFF'S MOTION
                                   )   IN LIMINE NO. 1[*]
J. MENDEZ,                         )
                                   )
          Defendant.               )
_____)

Plaintiff seeks to exclude "any evidence or comment regarding the prior convictions of [Plaintiff] and his intended witnesses Jeremy Gaither, [and] Gary Hallford,[1]" and "any evidence or comment regarding the underlying offenses for which he and those witnesses are or were incarcerated." (Pl.'s Mot. in Limine No. 1, 1:20-23, ECF No. 85.) Plaintiff argues:

> [Plaintiff] and these witnesses already come to court with the prejudicial but unavoidable stigma of being felons and, in the case of [Plaintiff] and Mr. Gaither, present state inmates. The fact of [Plaintiff's] and the witnesses' underlying convictions, as well as any previous offenses they might have committed, carry very limited probative value even for impeachment purposes. Any such

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

[1] Plaintiff also moved to exclude evidence regarding witness Michael Kutz's felony conviction but states in his reply that "[he] has determined that he will not call Mr. Kutz at trial." (Pl.'s Reply in Supp. of Mot. in Limine No. 1 ("Reply") 1 n.1, ECF No. 107.)

1

1         arguable value is greatly outweighed by the
prejudicial effect that information would have on
2         the jury and, in turn, on [Plaintiff's] case.
Therefore, evidence as to those convictions and
3         offenses should be excluded.

4 (Id. at 2:1-9.) In the alternative, Plaintiff argues:

5         if the Court determines that [Plaintiff] and the
other witnesses' convictions should be
6         admitted, . . . it is irrelevant why they were
incarcerated, and delving into those facts will
7         serve only to inflame the jury. The Court should
limit any such evidence by instructing the jury
8         simply that the individual witness was so
convicted, and that they are not to speculate on
9         the reasons for the incarceration or the nature or
circumstances of the underlying offense and/or any
10        other offenses allegedly committed by the witness.

11 (Id. at 3:7-15.)

12       Defendant counters that "[t]he prior convictions of Plaintiff

13 and his intended witnesses are relevant for purposes of impeachment[,]"

14 and are "not barred under Rule 403." (Def.'s Opp'n to Pl.'s Mots. in

15 Limine 2:2-5, 2:16, ECF No. 92.) Defendant argues:

16        The nature of [Plaintiff's] case requires the
discussion of incidents that occurred in the course
17        of Plaintiff's incarceration at Solano.
Furthermore, the jury will be informed that the
18        subject incident occurred while Plaintiff was going
to breakfast and refused to follow the orders of a
19        correctional officer. Plaintiff claims Mr.
Gaither . . . witnessed the incident. He also
20        claims that Mr. Hallford was involved in another
altercation with Defendant a couple months prior to
21        the incident. Given the jury's knowledge of these
facts, . . . the probative value of the evidence
22        substantially outweighs the danger of unfair
prejudice, confusion of the issues, and misleading
23        the jury. Thus, Plaintiff's motion in limine to
exclude such evidence should be denied.
24

25 (Id. at 2:28-3:8.) In the alternative, Defendant states:

26        if the Court determines that the probative value is
outweighed by a prejudicial effect on Plaintiff,
27        Defendant . . . agree[s] to stipulate that only the
following information regarding the prior
28        convictions would be admissible, if true: (1)
Plaintiff was convicted of a felony in 1979 and is

1 |             currently serving a life sentence; (2) Mr. Gaither
2 |             was convicted of felonies in 2006, 2008, 2009, and
  |             2012, and is currently serving a seven year
3 |             sentence; [and] (3) Mr. Hallford was convicted of a
  |             felony in 2001, served a 12 year term, and was
4 |             released in March 2012 . . . .

5 | (Id. at 3:9-15.)

6 |        Plaintiff replies: "[a]lthough the terms of Defendant's
7 | [alternative] proposal might hold some superficial appeal, the better
8 | practice would be for the Court to tell the jury simply that each
9 | individual witness has one or more felony convictions, and leave it at
10 | that. No more is needed or advisable." (Pl.'s Reply 2:25-28.) Plaintiff
11 | argues:

12 |             Telling the jury that [Plaintiff] has been serving
  |             a life sentence for a 1979 crime, or that Mr.
13 |             Gaither has been in and out of prison on multiple
  |             convictions since the mid-2000s, is as good as
14 |             telling the jury the details. Any juror, upon
  |             hearing that [Plaintiff] has been in prison since
15 |             1979, will realize that he committed a homicide.
  |             Likewise, a juror hearing that Mr. Gaither has been
16 |             in and out of prison since 2006 will dismiss him as
  |             a crook, or – even worse – will be inclined to make
17 |             a decision against [Plaintiff] based upon some
  |             reasoning that the courts are being too lenient
18 |             with repeat offenders like Mr. Gaither.

19 | (Id. at 2:19-25.)

20 |        Federal Rule of Evidence ("Rule") 609 prescribes in relevant
21 | part that "evidence of a criminal conviction . . . must be admitted,
22 | subject to Rule 403, in a civil case[,]" when the crime of conviction
23 | "was punishable . . . by imprisonment for one year." Fed. R. Evid.
24 | 609(a)(1)(A). "Generally, 'only the prior conviction, its general
25 | nature, and punishment of felony range [are] fair game for testing [a
26 | witness's] credibility.'" United States v. Osazuwa, 564 F.3d 1169, 1175
27 | (9th Cir. 2009) (alteration in original) (quoting United States v.
28 | Albers, 93 F.3d 1469, 1480 (10th Cir. 1996)); see also United States v.

3

1  Estrada, 430 F.3d 606, 616 (2d Cir. 2005) ("The overwhelming weight of
2  authority . . . suggests that, while it may be proper to limit, under
3  Rule 609(a)(1), evidence of the underlying facts or details of a crime
4  of which a witness was convicted, inquiry into the 'essential facts' of
5  the conviction, including . . . its date, and the sentence imposed is
6  presumptively required by the Rule, subject to balancing under Rule
7  403.") (collecting authority).

8       Plaintiff has shown neither that any mention of his and each
9  referenced witness's criminal conviction(s) should be precluded, nor
10 that Defendant's proposed introduction of the fact of conviction of a
11 felony, date of conviction, and length of sentence should be excluded
12 under Rule 403. Therefore, this motion is DENIED, in light of
13 Defendant's stated position that he will only seek to introduce evidence
14 of Plaintiff's and each referenced witness's prior felony conviction(s)
15 in the manner stated on page 3, line 11 through page 3, line 15 of his
16 opposition.

17 Dated: August 16, 2013

19 _____
   GARLAND E. BURRELL, JR.
20 Senior United States District Judge

4