IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FORREST M. RICHARDSON,  )
                        )  2:10-cv-00025-GEB-EFB
         Plaintiff,     )
                        )
    v.                  )  ORDER RE: PLAINTIFF'S MOTION
                        )  IN LIMINE NO. 3[*]
J. MENDEZ,              )
                        )
         Defendant.     )
_____)

        Plaintiff moves in limine for an order that would instruct the jury that it "may draw an adverse presumption against Defendant J. Mendez with respect to video evidence that was not preserved following the incident . . . that forms the basis of this action." (Pl.'s Mot. in Limine No. 3, 1:20-23, ECF No. 114.) Specifically, Plaintiff argues in a conclusory manner that he is entitled to this jury instruction, contending: "Where a party has failed to preserve evidence or has allowed the spoliation of evidence, a court may permit the jury to draw a rebuttable presumption that the evidence, if produced, would have been adverse to that party." (Id. at 3:23-25.)

        Plaintiff's spoliation of evidence motion is not the proper subject of a "motion in limine," which is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

before the evidence is actually offered." Luce v. United States, 469 U.S. 38, 40 n.2 (1984). To the contrary, this motion involves law and motion and/or discovery issues and was filed after the prescribed last hearing date for such matters. See Badger v. Wal-Mart Stores, Inc., No. 2:11-cv-1609-KJD-CQH, 2013 WL 3297084, at *8 (D. Nev. June 28, 2013) (denying in limine motion requesting spoliation sanction, stating "[i]t is unclear . . . why this matter was not resolved during discovery. Discovery, which [is] closed . . . would have been the appropriate time for resolving this spoliation dispute"); see also Freeman v. Allstate Life Ins. Co., 253 F.3d 533, 537 (9th Cir. 2001) (affirming district court's decision not to exclude evidence as a discovery sanction where the moving party "failed to prosecute the [discovery] issue before the magistrate judge as required by [Local Rule 302(c)] and the court's final pretrial order"). The October 20, 2011 Status (Pretrial Scheduling) Order warned: "Counsel are reminded that motions in limine are procedural devices designed to address the admissibility of evidence. COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL." (Status Order 2:14-17, ECF No. 40.)

For the stated reasons, this motion untimely and is therefore DENIED.

Dated: August 16, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge