IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FORREST M. RICHARDSON, )
                                    )    2:10-cv-00025-GEB-EFB
       Plaintiff, )
                                    )
    v.                           )    ORDER RE: PLAINTIFF'S MOTION
                                    )    IN LIMINE NO. 5[*]
J. MENDEZ, )
                                    )
       Defendant. )
_____ )

       Plaintiff seeks to exclude "any testimony or argument from or related to [Plaintiff's] treating physicians to the extent that such testimony or argument purports to link [Plaintiff's] complaints of injuries from the subject incident with the possibility of litigation over those injuries or that incident." (Pl.'s Mot. in Limine No. 5, 1:20-23, ECF No. 87.) Plaintiff indicates that "[a]t least one of [Plaintiff's treating] physicians, Dr. Jason Huffman, has remarked in his notes that he believes that [Plaintiff's] medical complaints of injuries following that incident may be motivated at least in part by the fact that [Plaintiff] has filed claims against CDCR officials . . . arising from this incident[,]" and argues that "[s]uch opinions are inadmissible as lacking in foundation and unduly prejudicial." (Id. at 2:9-13.) Plaintiff further argues:

> There is no basis upon which a physician can conclude, to a reasonable degree of medical

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

> certainty, that a patient's injuries are motivated by litigation. To be sure, it might be permissible for a physician to opine on the degree of pain or other effects that might be reasonably attributed to a physical injury, or to render an opinion as to whether a particular patient's subjective complaints are out of the ordinary or could be exaggerated in light of the clinical findings the physician makes about the patient's physical injuries. However, the supposed underlying motivation for those alleged disparities or exaggerations – such as the fact that the patient is involved in litigation – is beyond the physician's expertise and is without foundation for him or her to opine about. Physicians are supposed to diagnose and treat injuries and can reasonably be expected to consider whether complaints are exaggerated, but they should not be permitted to formulate opinions about the alleged reasons for any purported exaggeration by the patient. The latter is wholly outside their function and expertise.

(Id. at 3:20-4:2.)

Defendant rejoins:

> As Plaintiff's former treating physician, Dr. Huffman may present his opinion of causation, diagnosis and prognosis derived from his treatment of Plaintiff. Defendant disclosed Dr. Huffman as an un-retained expert. He will not be testifying pursuant to Rule 702, but rather as a percipient witness. Dr. Huffman's opinions were formed during the course of his evaluation and he may testify as to his observations made during the same.
>
> The evidence and testimony of Dr. Huffman's opinion is not barred by Rule 403. The probative value of such testimony far outweighs the danger of undue prejudice or misleading the jury. Plaintiff claims to have suffered permanent injuries to his back (and right knee and shoulder) as a result of the incident on February 13, 2007. Defendant submits that Plaintiff's complaints were not attributable to the subject incident. . . . Dr. Huffman was the first orthopedist to evaluate Plaintiff after the incident. . . . Thus, the opinion of Dr. Huffman, and any other treating physician, as to causation, diagnosis, and prognosis derived from the treatment of Plaintiff has high probative value.

(Def.'s Opp'n to Pl.'s Mots. in Limine 13:12-14:1, ECF No. 92.)

1  Since it is unclear what precise evidence is involved in this
2 motion, it is denied. See Weiss v. La Suisse, Soc'y D'Assurances Sur La
3 Vie, 293 F. Supp. 2d 397, 407-08 (S.D.N.Y. 2003) (denying motion to
4 exclude evidence for a "lack[] of specificity[,]" stating "[n]o
5 particular documents or testimony have been identified in the motion");
6 see also Lego v. Stratos Int'l, Inc., No. C 02-03743 JW, 2004 WL
7 5518162, at *1 (N.D. Cal. Nov. 4, 2004) (denying in limine motion
8 "because the requested relief is too vague").

Dated:  August 16, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge