IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FORREST M. RICHARDSON,            )
                                  )     2:10-cv-00025-GEB-EFB
          Plaintiff,              )
                                  )
     v.                           )     ORDER RE: PLAINTIFF'S MOTION
                                  )     IN LIMINE NO. 2[*]
J. MENDEZ,                        )
                                  )
          Defendant.              )
_____ )

        Plaintiff "moves the Court in limine [to] exclud[e] evidence regarding the administrative disciplinary finding of guilty of battery on a peace officer that was entered against [Plaintiff] following the incident between himself and Defendant . . . that forms the basis of this action." (Pl.'s Mot. in Limine No. 2, 1:20-23, ECF No. 86.) In the alternative, Plaintiff "requests that the Court deliver a limiting instruction to the jury that the jury is not required to give preclusive effect to that finding." (Id. at 1:23-24.)

        Plaintiff argues the guilty finding is not admissible under Federal Rule of Evidence ("Rule") 803(8)(A)(iii) because the "administrative proceedings and [guilty] finding[] are inherently untrustworthy and cannot be given the presumption of correctness ordinarily afforded to official proceedings." (Id. at 1:24-26, 6:20-7:6.) Specifically, Plaintiff contends:

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1 | [Plaintiff's] disciplinary hearing was conducted by
2 | a correctional officer employed by CDCR, not by a detached, neutral third party. Testimony was not
3 | taken under oath. Evidence consisting fully of hearsay – or double hearsay – was received and
4 | considered. As the hearing officer acknowledged, the finding of guilty was based upon a mere
5 | preponderance of the evidence standard, rather than proof beyond a reasonable doubt or some other
6 | heightened standard. While these procedures might satisfy the level of due process required in a
7 | prison disciplinary proceeding, such dispositions are not admissible under Rule 803(8)[(A)(iii)] in a
8 | civil action because the source of the information indicates a lack of overall trustworthiness.

9 (Id. at 6:21-7:4.) Plaintiff further argues:

10 | [t]he balancing test of Rule 403 precludes admission of the guilty finding against [Plaintiff]
11 | because the prejudicial effect of the jury receiving evidence of that finding far outweighs
12 | any probative value of this information. Knowing that the CDCR determined that [Plaintiff] committed
13 | a battery on [Defendant] – at the time, a correctional officer – will strip away the jury's
14 | power as factfinder and will lead the jury to base its decision on a biased investigative and punitive
15 | process, rather than its independent review of the facts. That, of course, would cause unfair
16 | prejudice to [Plaintiff]. Because of this potential for unfair prejudice, and because the evidence is
17 | more prejudicial than probative, the guilty finding must be excluded.

19 (Id. at 7:10-21.)

20       Defendant counters that the administrative investigation and
21 hearing process were not untrustworthy. Accordingly, Defendant argues
22 that the referenced guilty finding is admissible as an exception to the
23 hearsay rule under Rule 803(8)(A)(iii). (Def.'s Opp'n to Pl.'s Mots. in
24 Limine 4:25-5:22, ECF No. 92.) Defendant further rejoins that the guilty
25 finding "does not present a substantial danger of unfair prejudice,
26 confusion of the issues, and misleading the jury under Rule 403." (Id.
27 at 5:24-25.) Defendant argues: "[c]ontrary to Plaintiff's assertion,
28 knowledge that the CDCR found Plaintiff guilty of battery cannot and

2

1  will not 'strip away the jury's power as factfinder.' It is the function
2  of the jury to determine how much weight is to be placed on evidence
3  presented to it at trial." (Id. at 5:25-28.)

4  Rule 803(8)(A)(iii) prescribes that "the following [is] not
5  excluded by the rule against hearsay," regardless of whether the
6  declarant is available as a witness: "A record or statement of a public
7  office, if . . . it sets out . . . in a civil case or against the
8  government in a criminal case, factual findings from a legally
9  authorized investigation[,] and . . . neither the source of information
10 nor other circumstances indicate a lack of trustworthiness."

11 The issue of whether the referenced guilty finding satisfies
12 the requirements of Rule 803(A)(iii) need not be decided, however, since
13 its probative value is "substantially outweighed by a danger of . . .
14 unfair prejudice, . . . [and] undue delay." Fed. R. Evid. 403; see
15 United States v. MacDonald, 688 F.2d 224, 230 (4th Cir. 1982)
16 ("[Concluding that proffered evidence satisfies the requirements of Rule
17 803(8)(A)(iii)] only begins [a court's] inquiry . . . because Rule 803
18 does not mandate admission, it only allows reception of qualifying
19 evidence."); Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 167-68 (1988)
20 ("[S]afeguards built into other portions of the Federal Rules, such as
21 those dealing with relevance and prejudice, provide the court with
22 additional means of scrutinizing and, where appropriate, excluding
23 evaluative reports or portions of them.").

24 Here, "[a] jury may find it difficult to evaluate
25 independently evidence [regarding the February 13, 2007 incident] after
26 being informed that the [CDCR] has already examined the evidence and
27 found [Plaintiff guilty of battery on a peace officer.]" Gilchrist v.
28 Jim Slemons Imports, Inc., 803 F.2d 1488, 1500 (9th Cir. 1986)

(discussing the district court's discretion in admitting an EEOC "letter of violation" in a Title VII discrimination case). Senior Hearing Officer Lieutenant Bender's report evinces that the guilty finding was based upon his review of the parties' and witnesses' statements concerning the incident. (See Rules Violation Report - Part C, Ex. A to Decl. of Valerie Ly in Supp. of Def.'s Opp'n to Pl's Mots. in Limine, ECF No. 92-2, page 11 of 34.) Since "[the finding] contain[s] credibility determinations, [it] tend[s] to undermine the exclusive province of the jury." MacDonald, 688 F.2d at 230 (affirming district court's decision to exclude an investigative report's findings and conclusion under Rule 403); see also Amantea-Cabrera v. Potter, 279 F.3d 746, 749 (9th Cir. 2002) (affirming district court's decision to exclude EEOC "decision and order" in a Title VII case on Rule 402 and Rule 403 grounds). Further, admitting the guilty finding would result in the presentation of evidence during trial concerning the manner in which Plaintiff's administrative disciplinary investigation and hearing were conducted.

In light of Rule 403 considerations, Plaintiff's motion is GRANTED to the extent it seeks to exclude the administrative finding of guilty of battery on a peace officer against Plaintiff. To the extent the motion also seeks to exclude evidence of "other prison disciplinary proceedings," it is unclear what precise evidence is referenced, and is therefore DENIED.

Dated: August 19, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

4