IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST M. RICHARDSON,            )<br>                                   )<br>          Plaintiff,               )<br>                                   )<br>     v.                            )<br>                                   )<br>J. MENDEZ                          )<br>                                   )<br>          Defendant.               )<br>_____    )<br>                                   ) | 2:10-cv-00025-GEB-EFB<br><br><u>PROPOSED CLOSING JURY</u><br><u>INSTRUCTIONS</u> |

        Attached are the Court's proposed closing jury instructions. Any proposed modifications should be submitted as soon as practicable.

        In the attached instructions, the Court has attempted to eliminate unnecessary language and to more closely follow the language used in the Ninth Circuit Model Civil Jury Instructions and federal case law upon which they are based. The goal is to "help the jurors to concentrate on the question[s] at hand." <u>Achor v. Riverside Golf Club</u>, 117 F.3d 339, 341 (7th Cir. 1997). For example, the attached instructions do not include the parties' joint proposed jury instruction No. 26, which is based upon the Ninth Circuit Model Civil Jury Instruction for causation in 42 U.S.C. § 1983 actions generally, since the attached jury instruction on Plaintiff's Eighth Amendment excessive force claim ("liability instruction") includes as an element that Defendant's actions "caused harm" to Plaintiff. Also, the parties' proposed joint "claims and defenses" jury instruction is unnecessary and

will not be used since the Court's voir dire contained a neutral statement of the case.

The parties propose a joint instruction defining the term "sadistically" and propose separate instructions defining the term "maliciously," as used in their joint proposed liability instruction. The attached liability instruction utilizes the definition of these terms as stated in United States v. Miller, 477 F.3d 644, 647 (8th Cir. 2007).

The parties' proposed joint jury instruction concerning mitigation of damages will not be given since this affirmative defense was not preserved for trial in the February 25, 2013 Final Pretrial Order (ECF No. 82). See United States v. First Nat. Bank of Circle, 652 F.2d 882, 886 (9th Cir. 1981) (stating a party offer may not offer "evidence or advance theories at the trial which are not included in the order or which contradict its terms").

Plaintiff's separate proposed jury instruction No. 1 is unnecessary in light of the decision on Plaintiff's Motion in Limine No. 2. (See Order Re: Pl.'s Mot. in Limine No. 2, ECF No. 134.) Therefore, it will not be given.

Defendant's separate proposed jury instructions Nos. 2, and 4-5 will not be given since the attached liability instruction provides instruction on the deference to be given prison officials "'in the adoption and execution of polices and practices that in their judgment are needed to preserve institutional order and discipline and maintain institutional security'" in accordance with Supreme Court and Ninth Circuit case law. Norwood v. Vance, 591 F.3d 1062,1066-67 (9th Cir. 2010) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1979)); see also Whitley v. Albers, 475 U.S. 312, 321-22 (1986). Further instruction on

this issue would be cumulative. See Dupre v. Fru-Con Eng'g Inc. 112 F.3d 329, 335 (8th Cir. 1997) (stating "[r]epetitious instructions that place undue emphasis on a certain aspect of a party's case" are properly be rejected).

Defendant's proposed jury instruction No. 3 will not be given since its inclusion is not supported by the authority Defendant cited in support thereof.

Lastly, the parties' proposed jury instructions Nos. 7, 19, 21-22, 35, and 37-39 are not included in the attached instructions, since they are conditional instructions that will only be given to the jury if applicable.

Dated:  August 21, 2013

                                 _____
                                 GARLAND E. BURRELL, JR.
                                 Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
FORREST M. RICHARDSON,           )
                                 )    2:10-cv-00025-GEB-EFB
          Plaintiff,             )
                                 )
     v.                          )    CLOSING JURY INSTRUCTIONS
                                 )
J. MENDEZ,                       )
                                 )
          Defendant.             )
_____  )
```

1

Instruction No. 1

Members of the jury, now that you have heard all the evidence and the arguments of the parties, it is my duty to instruct you on the law which applies to this case. Each of you is in possession of a copy of these jury instructions, which you may take into the jury room for your use if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.

Instruction No. 2

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Instruction No. 3

The evidence you are to consider in deciding what the facts are consists of:

    the sworn testimony of any witness;

    the exhibits that are received into evidence; and

    any facts to which the parties have agreed.

Instruction No. 4

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as a testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Instruction No. 5

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

the opportunity and ability of the witness to see or hear or know the things testified to;

the witness's memory;

the witness's manner while testifying;

the witness's interest in the outcome of the case and any bias or prejudice;

whether other evidence contradicted the witness's testimony;

the reasonableness of the witness's testimony in light of all the evidence; and

any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

6

Instruction No. 6


You have heard evidence that certain witnesses in this case were convicted of a crime or crimes and served sentences in state prison. You are not to speculate on the reasons for the incarceration or the nature or circumstances of the underlying offense.

The evidence that witnesses have been convicted of a crime or crimes may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Instruction No. 7

      Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

      Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Instruction No. 8

Plaintiff alleges Defendant used excessive force against him on February 13, 2007, in violation of the Eighth Amendment. To prevail on this claim, Plaintiff must prove, by a preponderance of the evidence, each of the following elements:

First, that Defendant used excessive force under all of the circumstances;

Second, that Defendant acted maliciously and sadistically for the purpose of causing harm; and

Third, that Defendant's actions caused harm to Plaintiff.

In determining whether Defendant used excessive force in this case, consider the need to use force, the relationship between that need and the amount of force used, whether Defendant applied the force in a good faith effort to maintain or restore discipline, any threat reasonably perceived by Defendant, any efforts made to temper the severity of a forceful response, and the extent of the injury suffered. In considering these factors, you should give deference to prison officials in the adoption and execution of policies and practices that in their judgment are needed to preserve institutional order and discipline and to maintain institutional security. This deference applies to conduct taken in response to an actual disturbance as well as preventative measures to prevent a

9

disturbance.

A person acts "maliciously" by undertaking, without just cause or reason, a course of action intended to injure another.

A person acts "sadistically" by engaging in extreme or excessive cruelty or by delighting in cruelty.

Instruction No. 9

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find in favor of Plaintiff on his Eighth Amendment excessive force claim, you must determine Plaintiff's damages. Plaintiff has the burden of proving his damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff for any injury you find was caused by Defendant. You should consider the following:

The nature and extent of the injuries;

The disability, disfigurement, and loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future; and

The mental, physical, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Instruction No. 10


The law which applies to this case authorizes an award of nominal damages. If you find in favor of Plaintiff on his Eighth Amendment excessive force claim, but you find that Plaintiff failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

Instruction No. 11


If you find in favor of Plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish Defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate Plaintiff.

Plaintiff has the burden of proving, by a preponderance of the evidence, that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that Defendant's conduct that harmed Plaintiff was malicious, oppressive, or in reckless disregard of Plaintiff's rights. Conduct is "malicious" if it is accompanied by ill will, or spite, or if it is for the purpose of injuring Plaintiff. Conduct is in "reckless disregard" of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights, or if Defendant acts in the face of a perceived risk that his actions will violate Plaintiff's rights under federal law. An act or omission is "oppressive" if Defendant injures or damages or otherwise violates Plaintiff's rights with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of Plaintiff.

13

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of Defendant's conduct.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on Plaintiff. Punitive damages may be awarded even if you award Plaintiff only nominal damages.

Instruction No. 12


When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Instruction No. 13

A verdict form has been prepared for you. After you have reached unanimous agreement on the verdict, your foreperson will fill in the form that will be given to you, sign and date it, and advise the United States Marshal's representative outside your door that you are ready to return to the courtroom.

Instruction No. 14


If it becomes necessary during your deliberations to communicate with me, you may send a note through the United States Marshal's representative, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.