IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST M. RICHARDSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. MENDEZ<br><br>　　　　　Defendant.<br>_____ | 2:10-cv-00025-GEB-EFB<br><br><u>PROPOSED VERDICT FORM</u> |

　　　　Attached is the Court's proposed verdict form. Any proposed modifications should be submitted as soon as practicable.

　　　　The verdict form includes special interrogatories concerning Defendant's qualified immunity affirmative defense, which the jury will not be asked to answer unless they find that Plaintiff has prevailed on his Eighth Amendment excessive force claim. The special interrogatories in the attached verdict form ask the jury to decide "the issues of historical fact that are [relevant to] the qualified immunity defense." <u>Johnson v. Breeden</u>, 280 F.3d 1308, 1318 (11th Cir. 2002) (discussing the appropriate use of special interrogatories in determining a defendant's entitlement to qualified immunity during a jury trial). "'Qualified immunity is a legal issue to be decided by the court, . . . jury interrogatories should be restricted to the who-what-when-where-why type of historical fact issues.'" <u>Id.</u> (quoting <u>Cottrell v. Caldwell</u>, 85 F.3d 1480, 1488 (11th Cir. 1996). Further, the Court has modified certain

1 special interrogatories proposed by the parties to remove any reference
2 to Defendant's subjective beliefs. "The relevant question . . . is the
3 objective (albeit fact-specific) question whether a reasonable officer
4 could have believed [Defendant's use of force] to be lawful, in light of
5 clearly established law and the information the [Defendant] possessed.
6 [Defendant's] subjective beliefs about the [use of force] are
7 irrelevant." Anderson v. Creighton, 483 U.S. 635, 641 (1987).

Dated:   August 21, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
FORREST M. RICHARDSON,        )
                              )    2:10-cv-00025-GEB-EFB
          Plaintiff,          )
                              )
     v.                       )    VERDICT FORM
                              )
J. MENDEZ,                    )
                              )
          Defendant.          )
_____)
```

WE THE JURY UNANIMOUSLY FIND THE FOLLOWING VERDICT ON THE SUBMITTED QUESTIONS:

**Question No. 1:**   Does Plaintiff prevail on his Eighth Amendment excessive force claim?

Answer:   ____ YES        ____ NO

*(If you answered "yes," continue to Question No. 2. If you answered "no," then proceed to the last page and sign, date and return this verdict form.)*

*///*
*///*
*///*
*///*

1

**Question No. 2:**     What is the amount of damages you award to Plaintiff?

$_____

(*Continue to Question No. 3.*)


**Question No. 3:**     Does Plaintiff prevail on his punitive damages claim?

Answer:   \_\_\_\_ YES     \_\_\_\_ NO

(*If you answered "yes," continue to Question No. 4. If you answered "no," next respond to Question No. 5.*)


**Question No. 4:**     What is the amount of punitive damages you award to Plaintiff?

$_____

(*Continue to Question No. 5.*)


**Question No. 5:**     Did California State Prison - Solano Facility III have a yard rule on February 13, 2007, prohibiting inmates from bringing coffee into the dining hall?

Answer:   \_\_\_\_ YES     \_\_\_\_ NO

(*Continue to Question No. 6.*)


**Question No. 6**:     On February 13, 2007, did Defendant order Plaintiff to empty his coffee cup?

Answer:   \_\_\_\_ YES     \_\_\_\_ NO

(*If you answered "yes," continue to Question No. 7. If you answered "no," next respond to Question No. 8.*)

2

**Question No. 7**:   On February 13, 2007, did Plaintiff fail to comply with Defendant's order to empty his coffee cup?

Answer:   \_\_\_\_ YES        \_\_\_\_ NO

(*Continue to Question No. 8.*)

**Question No. 8**:   On February 13, 2007, did Plaintiff attempt to comply with Defendant's order to produce his inmate ID card?

Answer:   \_\_\_\_ YES        \_\_\_\_ NO

(*Continue to Question No. 9.*)

**Question No. 9**:   On February 13, 2007, did Defendant reach for Plaintiff's coffee cup?

Answer:   \_\_\_\_ YES        \_\_\_\_ NO

(*If you answered "yes," continue to Question No. 10. If you answered "no," next respond to Question No. 11.*)

**Question No. 10**:   On February 13, 2007, did Plaintiff respond to Defendant reaching for his coffee cup by putting his hand on Defendant's arm?

Answer:   \_\_\_\_ YES        \_\_\_\_ NO

(*Continue to Question No. 11.*)

**Question No. 11**:   At the moment Defendant initiated the application of force against Plaintiff on February 13, 2007, could a reasonable correctional official in Defendant's position have perceived Plaintiff as a threat to prison security?

Answer:   \_\_\_\_ YES        \_\_\_\_ NO

(*Continue to Question No. 12.*)

1        **Question No. 12**:   At the moment Defendant initiated the
2   application of force against Plaintiff on February 13, 2007, could a
3   reasonable correctional official in Defendant's position have perceived
4   Plaintiff as a threat to that official's safety?
5        Answer:     ____ YES        ____ NO
6   (*Continue to Question No. 13.*)

8        **Question No. 13**:
9        Once Plaintiff was on the ground on February 13, 2007, did
10  Plaintiff resist the efforts of a correctional official and/or officials
11  to apply handcuffs?
12       Answer:     ____ YES        ____ NO
13  (*Please date, sign, and return this verdict.*)

15  Dated this _____ day of August 2013.

17                                  _____
                                                PRESIDING JUROR

4