UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST M. RICHARDSON,<br><br>            Plaintiff,<br><br>     v.<br><br>J. MENDEZ,<br><br>            Defendant. | No. 2:10-cv-00025-GEB-EFB<br><br>**ORDER** |

Plaintiff objects to Defendant's $1,784.47 Bill of Costs (ECF No. 144), which was filed following a jury trial and a verdict and judgment in favor of Defendant. Plaintiff argues: "[t]he equities present in this case compel the conclusion that Plaintiff is unable to pay the costs sought by Defendant and that substantial injustice and inequity would result if a judgment for those costs were to be entered against Plaintiff." (Pl.'s Objection to Def.'s Bill of Costs ("Pl.'s Obj.") 4:12-14, ECF 145.)

James V. Weixel of the Weixel Law Office represented Plaintiff throughout this action. Mr. Weixel declares that he "took the case on a contingency basis . . . and often advanced or even absorbed . . . costs and expenses, such as mileage, copies, postage, travel expenses . . . , since Plaintiff is indigent and his family is largely unable to bear the expenses of litigation." (Weixel Decl. in Supp. of Pl.'s Obj. ¶ 8, ECF No. 145-1.)

1

1  Plaintiff applied to proceed in forma pauperis, and his request
2  was granted on May 4, 2010. (See ECF Nos. 3, 11.) Plaintiff
3  declares he is incarcerated in state prison, has no paying job
4  and no money in his inmate trust account. (Richardson Decl. in
5  Supp. of Pl.'s Obj. ¶¶ 2-9, ECF No. 149.)

6  The claims tried concerned Plaintiff's allegations that
7  Defendant, a former correctional officer at California State
8  Prison-Solano in Vacaville, California, subjected Plaintiff to
9  excessive force when Defendant was employed as a correctional
10 officer at that prison. The trial issues involved credibility
11 determinations concerning whether CSP-Solano Facility III, Yard 3
12 had a rule in February 2007 that prohibited inmates from bringing
13 drinks into a dining hall, and whether Defendant used excessive
14 force against Plaintiff in connection with Defendant's asserted
15 effort to obtain Plaintiff's compliance with that purported rule.

16 Federal Rule of Civil Procedure 54(d)(1) and Local Rule
17 292 govern the taxation of costs on the losing party, subject to
18 the requirements of 28 U.S.C. § 1920 (defining taxable costs).
19 Rule 54(d)(1) prescribes: "[U]nless a federal statute, these
20 rules, or a court order provides otherwise, costs—other than
21 attorney's fees—should be allowed to the prevailing party." "By
22 its terms the rule creates a presumption in favor of awarding
23 costs to a prevailing party, but vest in the District Court
24 discretion to refuse to award costs." Ass'n of Mexican-Am.
25 Educators v. Cal., 231 F.3d 572, 591 (9th Cir. 2000). However,
26 "[t]hat discretion is not unlimited. A district court must
27 'specify reasons' for its refusal to award costs." Id.
28

"District courts should consider the financial resources of the plaintiff and the amount of costs in civil rights cases." Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999). "Indigency is a factor that the district court may properly consider in deciding whether to award costs." Id. Here, Plaintiff avers he is indigent and that "[he] does not have any reasonable expectation of being able to pay the bill of costs filed by [D]efendant, whether now or at any time in the foreseeable future." (Richardson Decl. ¶¶ 3, 9.) Defendant does not contest that Plaintiff is indigent and without financial resources to pay costs.

Further, here, the court should consider whether "the imposition of . . . costs on losing civil rights plaintiffs of modest means may chill civil rights litigation in this area." Stanley, 178 F.3d at 1080. Although Plaintiff's claims were rejected by the jury, until the trial on the merits thereof, the outcome was not obvious. Under the circumstances, the issue of discouraging others from bringing similar claims because of the specter of paying costs disfavors requiring Plaintiff to pay the costs Defendant seeks.

For the stated reasons, Plaintiff's objection to Defendant's Bill of Costs is sustained, and Defendant's request to recover costs is denied.

Dated: October 15, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3